1  Gregory Grantham, Esq. # 125732
   13902 Gershon Place
2  Santa Ana, California 92705
   Tel (714) 544-1276
3  Fax (714) 544-2307

FILED

2008 AUG 14 PM 1:01

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4  Attorney for Plaintiffs, GREG SPAK, Trustee of the CHERRY BLOSSOM REVOCABLE INTER VIVOS TRUST & A.E. MOTORCYCLE TECH, INC., a California corporation, assignee of Leslie
5  Gladstone, Chapter 7 Trustee of the Bankruptcy Estate of Barrie Morine Logan

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

GREG SPAK, Trustee of the Cherry Blossom Revocable Inter Vivos Trust, and A.E. MOTORCYCLE TECH, INC., a California corporation, assignee of Leslie Gladstone, Chapter 7 Trustee of the Bankruptcy Estate of Barrie Morine Logan,

    Plaintiffs,

vs.

COMERICA, INC., a Delaware corporation; MILLER, MONSON, PESHEL, POLACEK & HOSHAW, a partnership of professional law corporations,

    Defendants.

Case No. 08 CV 1482 DMS POR

COMPLAINT BY ASSIGNEE OF CHAPTER 7 TRUSTEE TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO § 547 AND §550 OF TITLE 11 OF UNITED STATES CODE

Greg Spak, Trustee of the Cherry Blossom Revocable Inter Vivos Trust and A.E. Motorcycle Tech, Inc., assignees of Leslie Gladstone, Chapter 7 Trustee for the bankruptcy estate of Barrie Morine Logan ("Logan"), hereby allege for their complaint against Comerica, Inc., a Delaware corporation, and Miller, Monson, Peshel, Polacek & Hoshaw, a partnership of professional law corporations, as follows:

Complaint

# I. JURISDICTION / VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1408-09 in that this matter arises under and in connection with a case under Title 11 pending in this District, and one of the defendants resides in this district.

3. This is not a 'core proceeding' as defined by 28 U.S.C. § 157(b)(2)(A), or (G), in that the Chapter 7 Trustee has assigned all the estate's right, title, and interest in the claims alleged herein to Plaintiff, A.E. Motorcycle Tech, Inc., a private creditor. A.E. Motorcycle Tech, Inc., has, in turn, executed a partial assignment of said claims to Plaintiff, Greg Spak, Trustee of the Cherry Blossom Revocable Inter Vivos Trust, herein. Therefore, any recovery sought or obtained herein will not affect the administration the bankruptcy case and the dispute exits between private parties concerning an asset and claims which is no longer property of the bankruptcy estate by virtue of the assignment.

# II. PARTIES

4. Plaintiff, Greg Spak, Trustee of the Cherry Blossom Revocable Inter Vivos Trust ("Trust") is a citizen of the United States of America and resides within Northern District of California.

5. Plaintiff, A.E. Motorcycle Tech, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business within the Northern District of California.

6. Defendant, Comerica, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Dallas, Texas. Comerica conducts banking in various states of the United States of America, including the State of California. At the time of the events alleged herein, Comerica, Inc. conducted

business through its wholly owned subsidiary, Comerica Bank - California. Comerica, Inc. is the successor in interest to Comerica Bank - California.

7. Defendant, Miller, Monson, Peshel, Polacek & Hoshaw is a partnership organized and existing under the laws of the State of California of professional law corporations organized and existing under the laws of the State of California with its principal place of business within this judicial district. Miller, Monson, Peshel, Polacek & Hoshaw is engaged in the practice of law in the State of California.

### III. PRIOR RELATED PROCEEDINGS

8. On June 20, 2003, Comerica Bank - California ("Bank") filed a complaint against Don Logan, Barrie Logan, American Eagle Corporation, a Nevada corporation, and others alleging, inter alia, claims seeking approximately $700,000 in money damages base on conversion of asset subject to a the Bank's blanket security interest, in *Comerica Bank - California v. American Eagle Corporation, etc., et al.*, California Superior Court, County of Santa Clara, Case No. 1:-03-CV818041. ("Santa Clara litigation")

9. Plaintiffs, AEMT and Spak filed a cross-complaint in the Santa Clara Litigation against Don Logan, Barrie Logan, American Eagle Corporation, and others, seeking inter alia $2,500,000 in damages for breach of a 'purchase money' promissory note.

10. Don Logan died in January, 2006 while the Santa Clara litigation was pending. Barrie Logan, his surviving spouse, entered into an agreement to sell their real property located at 7223 El Fuerte Street, Carlsbad, California ("El Fuerte Property") for $2,400,000 in or about April, 2006. In April, 2006, the Bank obtained a Right to Attach Order against Barrie Logan in the amount of $677,266.73, and a Writ of Attachment against the El Fuerte Property, which was recorded in the Official Records of San Diego County on May 1, 2006.

11. On May 15, 2006, the Bank and Barrie Logan entered into a stipulation to release the Bank's attachment lien on the El Fuerte Property, to allow the escrow opened by Barrie Logan for sale of the property to close. The stipulation provided for the surplus cash

proceeds of $677,266.73 to be deposited in a blocked account at Comerica Bank, No. 8000829518. The stipulation further provided that no funds shall be released from said account without either (1) joint instructions signed by counsel for Barrie M. Logan and for Comerica Bank, or (2) and Order of the Santa Clara Superior Court.

12. On July 3, 2006, the Santa Clara Superior Court granted AEMT's Application for a Right to Attach Order against Barrie Logan in the amount of $2,500,000 and issued a Writ of Attachment for Barrie Logan's funds in deposited in Comerica Bank Account #8000829518, the amount of $677,238.73

13. On July 12, 2006, at 3:00 p.m., AEMT levied its Writ of Attachment on the Bank, at its main branch in the City of San Jose, California. On July 17, 2007, Comerica Bank served a 'Memorandum of Garnishee' on the Santa Clara Sheriff reporting the following: "Comerica Bank Account - - There are no funds available in the account."

14. The funds were 'not in the account' because on July 12, 2006, at 3:06 p.m., the Bank and Barrie Logan entered into a settlement agreement in full resolution of the claims of the Bank against Barrie Logan, and the Estate of Don Logan, in the Santa Clara Litigation. The settlement agreement provided that Comerica would receive $640,000 of Barrie Logan's funds in Comerica Account #8000829518, and that the remaining funds, with interest, approximately $40,000 would be sent via wire transfer to Miller, Monson, Peshel, Polacek & Hoshaw, the attorneys then representing Barrie Logan in the Santa Clara Litigation, in payment of Barrie Logan's indebtedness for attorneys fees. The settlement agreement provided that after the passage of 90 days, the Bank would dismiss Barrie Logan and the Estate of Don Logan from the Santa Clara Litigation

14. On October 4, 2006, (hereinafter the "Petition Date"), within 90 days of the 'settlement agreement' between Comerica Bank and Barrie Logan, Barrie Logan filed a voluntary petition for bankruptcy, under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of California, commencing the case entitled, *In re Barrie Morine Logan*, USBC, So. Dist. of Cal., Case No. 06-02980-PB7. Leslie Gladstone was appointed Chapter 7 Trustee.

15. On May 22, 2007, Barrie Logan received a full discharge of all claims against her in the bankruptcy case.

16. On May 28, 2008, the Bankruptcy Court approved an assignment of all of the estate's rights and claims against the Bank, and other parties to the Santa Clara Litigation, including any claims arising from violations of the Bankruptcy Code to AEMT. Leslie Gladstone thereafter executed an Assignment of Claims

17. On August 11, 2008, AEMT made a partial assignment of the rights, recoveries, claims, and interests which it acquired by an Assignment made by Leslie Gladstone, Chapter 7 Trustee of the bankruptcy estate of Barrie Morine Logan to Greg Spak, Trustee of the Cherry Blossom Revocable Inter Vivos Trust.

## IV. CLAIMS FOR RELIEF

**First Claim for Relief - AEMT / Trust, Assignees of the Bankruptcy Estate of Barrie Morine Logan, for Avoidance and Recovery of Preferential Transfer Against Comerica, Inc.**

18. Plaintiffs hereby repeat and reallege paragraphs 1-17 of the Complaint as if set forth in full herein.

19. On or within 90 days prior to the Petition Date, funds in the amount of $640,000, held in Barrie Logan's Account #8000829518 at Comerica were debited and transferred to Comerica Bank (the "Comerica Transfer").

20. The Comerica Transfer was for or on account of an antecedent debt owed by Barrie Logan to the Bank before the Comerica Transfer was made, to wit to resolve claims alleged for conversion by the Bank against Barrie Logan in its complaint filed on June 20, 2003 in the Santa Clara Litigation.

21. The Comerica Transfer was made while Barrie Logan was insolvent.

22. The Comerica Transfer enabled Comerica to receive more than Comerica would receive if: (i) this were a case under Chapter 7 of the Bankruptcy Code, (ii) the Comerica Transfer had not been made, and (iii) Comerica were to receive payment of its claims against Barrie Logan in the Santa Clara litigation to the extent provided by the provisions of the Bankruptcy Code.

23. The Comerica Transfer is a voidable preference pursuant to Section 547(b) of the Bankruptcy Code, and is recoverable from Comerica pursuant to Section 550 of the Bankruptcy Code.

**Second Claim for Relief - AEMT / Trust, Assignees of the Bankruptcy Estate of Barrie Morine Logan for Avoidance and Recovery of Preferential Transfer Against Miller, Monson, Peshel, Polacek & Hoshaw**

24. Plaintiffs hereby repeat and reallege paragraphs 1-17 of the Complaint as if set forth in full herein.

25. On or within 90 days prior to the Petition Date, funds of Barrie Logan in the amount of $40,000, held in Account #8000829518 at the Bank were sent via wire transfer to the bank account of Miller, Monson, Peshel, Polacek & Hoshaw in San Diego, California. (the Miller, Monson Transfer").

26. The Miller, Monson Transfer was for or on account of an antecedent debt owed by Barrie Logan to the Miller, Monson, Peshel, Polacek & Hoshaw before the Miller, Monson Transfer was made, to wit for attorney fees incurred in representing the widow Barrie Logan in a variety of lawsuits and legal proceedings, all prior to 90 before the Petition Date.

27. The Miller Monson Transfer was made while Barrie Logan was insolvent.

28. The Miller Monson Transfer enabled Miller, Monson, Peshel, Polacek & Hoshaw to receive more than Miller, Monson, Peshel, Polacek & Hoshaw would receive if:

(i) this were a case under Chapter 7 of the Bankruptcy Code, (ii) the Miller, Monson Transfer had not been made, and (iii) Miller, Monson, Peshel, Polacek & Hoshaw were to receive payment of its claims against Barrie Logan in the Santa Clara litigation to the extent provided by the provisions of the Bankruptcy Code.

29. The Miller, Monson Transfer is a voidable preference pursuant to Section 547(b) of the Bankruptcy Code, and is recoverable from Comerica pursuant to Section 550 of the Bankruptcy Code.

**Third Claim for Relief - AEMT / Trust, Assignees of the Bankruptcy Estate of Barrie Morine Logan, for Avoidance of Unperfected Security Interest in Transferred Funds Against Comerica, Inc. and Miller, Monson, Peshel, Polacek & Hoshaw**

30. Plaintiffs hereby repeat and reallege paragraphs 1-17, inclusive, paragraphs 19 - 23, inclusive, and 25 - 29, inclusive.

31. Defendants, Comerica, Inc. and Miller, Monson, Peshel, Polacek & Hoshaw failed to perfect their interests in the Transferred Assets, and the funds in Comerica Account No. 8000829518, as required under applicable law.

32. Pursuant to § 544(a)(1) of the Bankruptcy Code, the Plaintiffs, as assignees of the Trustee of the Bankruptcy Estate of Barrie Morine, are afforded the status of a hypothetical judicial lien creditor of the Debtor, Barrie Morine Logan, as of the Petition Dates.

33. By reason of the foregoing, and in accordance with the Trustee's powers under section 544 of the Bankruptcy Code, the Plaintiffs are entitled to a judgment avoiding any interests of Defendants, Comerica, Inc. and Miller, Monson, Peshel, Polacek & Hoshaw in the Transferred Assets under §§ 544 and 550 of the Bankruptcy Code

WHEREFORE, Plaintiffs hereby respectfully requests that this Court enter a

Judgment:

On the First Claim for Relief:

1. Avoiding the Comerica Transfer pursuant to §547(b) of the Bankruptcy Code;

2. Directing Comerica to immediately turnover to Plaintiffs the amount of $640,000.00, plus interest from the date of the filing of this Complaint, pursuant to § 550 of the Bankruptcy Code;

3. Entering a money judgment in favor of Plaintiffs against Comerica in the amount of $640,000.00, plus interest from the date of the filing of this Complaint, pursuant to § 550 of the Bankruptcy Code;

On the Second Claim for Relief:

1. Avoiding the Miller, Monson Transfer pursuant to §547(b) of the Bankruptcy Code;

2. Directing Miller, Monson to immediately turnover to Plaintiffs the amount of $40,000.00, plus interest from the date of the filing of this Complaint, pursuant to § 550 of the Bankruptcy Code;

3. Entering a money judgment in favor of Plaintiffs against Miller, Monson in the amount of $40,000.00, plus interest from the date of the filing of this Complaint, pursuant to § 550 of the Bankruptcy Code;

On the Third Claim for Relief:

1. Avoiding any unperfected interests of Comerica, Inc., a Delaware corporation, and Miller, Monson, Peshel, Polacek & Hoshaw in the Transferred Assets and or the Funds in Comerica Account No. 8000829518 under §§ 544 and 550 of the Bankruptcy Code;

2. Directing Comerica to immediately turnover to Plaintiffs the amount of $640,000.00, plus interest from the date of the filing of this Complaint,

pursuant to § 550 of the Bankruptcy Code;

3. Entering a money judgment in favor of Plaintiffs against Comerica in the amount of $640,000.00, plus interest from the date of the filing of this Complaint, pursuant to

4. Directing Miller, Monson to immediately turnover to Plaintiffs the amount of $40,000.00, plus interest from the date of the filing of this Complaint, pursuant to § 550 of the Bankruptcy Code;

5. Entering a money judgment in favor of Plaintiffs against Miller, Monson in the amount of $40,000.00, plus interest from the date of the filing of this Complaint, pursuant to § 550 of the Bankruptcy Code;

On All Claims for Relief:

1. For Costs of Suit and Attorneys Fees, if allowed by statute or contract;
2. Such other and further relief as this Court deems just, equitable and proper.

Dated: August 12, 2008

_____
Gregory Grantham, Esq., attorney for Plaintiffs, GREG SPAK, Trustee of the Cherry Blossom Revocable Inter Vivos Trust and A.E. MOTORCYCLE TECH, INC., a California corporation

---

Complaint                                                                                               9

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED 2008 AUG 14 PM 1:01 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY _____ DEPUTY**

## I. (a) PLAINTIFFS
GREG SPAK, Trustee of the Cherry Blossom Revocable Inter Vivos Trust and A.E. MOTORCYCLE TECH, Inc., a California corp

## DEFENDANTS
COMERICA Inc., a Delaware corporation and MILLER, MONSON, PESHEL, POLACEK & HOSHAW, a partnership

(b) County of Residence of First Listed Plaintiff: **Santa Clara**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Unknown**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory Grantham, 13902 Gershon Place, Santa Ana, CA 92705
(714) 544-1276

Attorneys (If Known)

**'08 CV 1482 DMS POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☒ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**11 U.S.C sec. 547, 550**
Brief description of cause:
**Assignee of Chapter 7 Trustee brings suit to recover $680,000 in voidable preferences**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **680,000.00**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: **08/12/2008**
SIGNATURE OF ATTORNEY OF RECORD: *Gregory Grantham*

**FOR OFFICE USE ONLY**
RECEIPT # 1502   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MB 08/14/08

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 154042     - MB
       * * C O P Y * *
        August 14, 2008
            13:04:40

        Civ Fil Non-Pris
    USAO #.: 08CV1482 CIVIL FILING
    Judge..: DANA M SABRAW
    Amount.:              $350.00 CK
    Check#.: BC2801


    Total->   $350.00


    FROM: GREG SPAK, TRUSTEE OF THE
          CHERRY BLOSSOM REVOCABLE
          INTER VIVOS TRUST, ET AL VS
          COMERICA, ET AL
```