# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG SPAK, Trustee of the Cherry Blossom Revocable Inter Vivos Trust, et al.,<br><br>                              Plaintiffs,<br>   vs.<br><br>COMERICA, INC., a Delaware corporation; et al.,<br><br>                              Defendants. | CASE NO. 08cv1482 DMS (POR)<br><br>**ORDER (1) DENYING MOTION FOR RECONSIDERATION AND (2) GRANTING MOTION TO STAY**<br><br>**[Docket No. 53]** |

   This case comes before the Court on Defendant's motion for reconsideration of this Court's August 25, 2009 Order denying its motion for summary judgment. In the alternative, Defendant moves the Court to stay this case pending the disposition of an adversary proceeding between the parties in the bankruptcy court, or to bifurcate the issue of standing from the rest of the case. Plaintiffs did not file an opposition to the motion.

   "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, Defendant argues the Court committed clear error because Plaintiffs failed to provide any evidence that the bankruptcy court authorized an assignment of the present claim or that Plaintiffs are pursuing interests common to all creditors. Defendant failed to raise either one of these arguments in its motion, therefore the Court declines to address them here

1 in the context of a motion for reconsideration.  *See Kona Enterprises, Inc. v. Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.")  Defendant's motion for reconsideration is, therefore, denied.

However, after reviewing Defendant's brief, the Court agrees with Defendant that this case should be stayed pending resolution of the declaratory judgment action in the bankruptcy court. Accordingly, Defendant's motion to stay is granted.  The Clerk of Court shall administratively close this case while the bankruptcy litigation is proceeding.  Defendant's counsel shall apply to lift the stay once the bankruptcy proceeding is resolved.

**IT IS SO ORDERED**.

DATED: November 4, 2009

_____
HON. DANA M. SABRAW
United States District Judge