# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG SPAK, Trustee of the Cherry Blossom Revocable Inter Vivos Trust, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COMERICA, INC., a Delaware corporation; et al., <br><br> Defendants. | CASE NO. 08cv1482 DMS (POR) <br><br> **ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT** <br><br> **[Docket No. 65]** |

This case comes before the Court on Defendant's renewed motion for summary judgment. Plaintiffs did not file an opposition to the motion, and the time for doing so has expired. After reviewing the moving papers and the record on file herein, the Court grants Defendant's motion.

## I.
## BACKGROUND

Since day one, the focal point of this case has been an assignment between the bankruptcy estate of Barrie Logan and Plaintiff A.E. Motorcycle Tech, Inc. ("AEMT"). Defendant has steadfastly maintained that the assignment did not grant Plaintiffs the right to bring the current case. After the Court denied Defendant's motion for reconsideration on the issue, Defendant returned to the bankruptcy court, which has now issued a final judgment on the matter. Specifically, that court found:

> The Notice of Intended Action and Opportunity for Hearing, and the Order on Intended Action and Opportunity for Hearing re: Santa Clara Litigation, copies of which are

attached hereto as Exhibits A and B, respectively, did not approve or authorize defendants to bring a claim for avoidance and recovery of preferential transfer under 11 U.S.C. § 547(b) against plaintiff[.]

(Req. for Judicial Notice in Supp. of Renewed Mot., Ex. L.) Defendant relies on this finding as the basis for its renewed motion for summary judgment.

## II.

## DISCUSSION

Defendant renews its motion for summary judgment that Plaintiffs lack standing to pursue this case. It asserts the bankruptcy court has now adjudicated this issue in its favor, and the doctrine of collateral estoppel precludes Plaintiffs from relitigating the issue here.

**A.     Standard of Review**

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.     Collateral Estoppel**

As set out in the Court's order on Defendant's initial motion for summary judgment, "[t]he doctrine of collateral estoppel promotes judicial economy and protects parties from the burden of successive litigation by barring the relitigation of issues in certain circumstances." *Maciel v. C.I.R.*, 489 F.3d 1018, 1023 (9th Cir. 2007). Those circumstances are:

> (1) "'the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated;'" *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1086 (9th Cir. 2007) (quoting *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005));
>
> (2) "'there was a full and fair opportunity to litigate the issue in the previous action;'" *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000) (quoting *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992));
>
> (3) "'the issue was actually litigated in that action;'" *id.* (quoting *Pena*, 976 F.2d at 472);
>
> (4) "' the issue was lost as a result of a final judgment in that action;'" *id.* (quoting *Pena*, 976 F.2d at 472); and
>
> (5) "'the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'" *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (quoting *Kourtis*, 419 F.3d at 994).

The party invoking collateral estoppel bears the burden of establishing each of these elements. *Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1066 (9th Cir. 1994) (citing *Chew v. Gates*, 27 F.3d 1432, 1438 (9th Cir. 1994)).

Defendant has met that burden here. First, the issue decided by the bankruptcy court is the same issue presented here, namely, whether the assignment from Barrie Logan to Plaintiff AEMT included the right to bring the current avoidance claim. Second, the parties had a full and fair opportunity to litigate this issue in the bankruptcy court. Third, the issue was actually litigated in the bankruptcy court. Defendant filed a complaint for declaratory judgment in that court, which initiated an adversary proceeding. Plaintiff filed a response to the complaint, and the parties proceeded by way of summary judgment motion. Fourth, Plaintiffs lost the issue, as indicated in the bankruptcy court's ruling on Defendant's motion for summary judgment. Finally, Plaintiffs here were parties to the adversary proceeding in the bankruptcy court. Since all of the requirements of collateral estoppel have been met, the bankruptcy court's ruling is entitled to preclusive effect in this case. That effect strips

Plaintiffs of standing to bring or maintain the current action. Accordingly, Defendant is entitled to summary judgment in its favor.

## III.
## CONCLUSION AND ORDER

For these reasons, the Court grants Defendant's renewed motion for summary judgment. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

DATED: March 30, 2011

HON. DANA M. SABRAW
United States District Judge